1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7   LORRAINE WELLS, et al.,                    Case No.  15-cv-01700-SI

        Plaintiffs,

8

        v.

9                                              **ORDER GRANTING IN PART AND
                                               DENYING IN PART MOTION TO**
10  THE REGENTS OF THE UNIVERSITY OF           **DISMISS THE SECOND AMENDED**
    CALIFORNIA, et al.,                        **COMPLAINT**

11      Defendants.                            Re: Dkt. No. 32

12

13       Defendants move to dismiss plaintiffs' claims for harassment, retaliation, and intentional

14  infliction of emotional distress (Claims Two, Three, Five, Six, and Eleven) in the Second

15  Amended Complaint.   Pursuant to Local Rule 7-1(b), the Court determines this motion is

16  appropriate for resolution without oral argument.   For the reasons set forth below, the Court

17  GRANTS in part and DENIES in part defendants' motion to dismiss.

18

19                                  **BACKGROUND**

20       Plaintiffs are seven individuals who are or were employed with the Lawrence Berkeley

21  National Laboratory ("the Lab"), which is managed by defendant Regents of the University of

22  California.   Second Amended Complaint ("SAC") ¶¶ 1-2.   They allege that the Lab and its

23  managers, in response to pressures to decrease the Regents' liability for employee pensions,

24  devised and implemented a scheme of forcing older employees out of their jobs.   In the SAC,

25  Plaintiffs assert eleven causes of action, which include state and federal claims alleging

26  discrimination, retaliation, and harassment on the basis of age, race, and disability, along with a

27  tort claim for intentional infliction of emotional distress.   Plaintiffs seek general and special

28  damages against all defendants, punitive damages against the three individual defendants, and

*United States District Court*
*Northern District of California*

1  attorneys' fees and costs.

2      Plaintiffs allege that in recent years while the University of California was experiencing

3  budget problems, the Lab hired Kim Williams to head the Office of the CFO for Procurement and

4  Property. *Id*. ¶ 13.  The complaint describes how Williams and her direct report, defendant Becky

5  Cornett, "devised a plan to reduce the number of older employees, and vesting employees, in the

6  department." *Id*.  Defendants Diane Hutchinson and Edna Annis, who reported to defendant

7  Cornett, assisted in this plan.  *See, e.g., id*. ¶¶ 16, 38-42, 65-68.  They allegedly overloaded older

8  employees with work, refused to provide them with training, gave them negative performance

9  reviews, failed to extend permanent offers to older employees when their probationary periods

10  ended, and generally were derogatory to the targeted employees.  *See, e.g., id.* ¶¶ 13, 19.  All of

11  this was allegedly done in an effort to force older employees to resign, thus reducing the Lab's

12  pension liability.

13      Five of the seven plaintiffs are over the age of forty and claim to have been directly

14  targeted by these actions.[1]  The two remaining plaintiffs, Richard Kemp and Brandon Craig, held

15  managerial roles and resigned after refusing to comply with the force-out plan that defendants

16  created. *Id*. ¶¶ 16, 20, 79, 83.  Of the plaintiffs, only Lisa Cordova still works for the Lab. *See*

17  Opposition at 1.  All of the plaintiffs bring claims related to discrimination, harassment, and/or

18  retaliation on the basis of age.  Plaintiff Lorraine Wells also brings claims related to race and

19  disability.  All of the plaintiffs also bring claims for intentional infliction of emotional distress.

20      Plaintiffs originally filed this case in Alameda County Superior Court.  Defendants

21  removed the case on April 15, 2015.  Dkt. No. 1.  Defendants filed a motion to dismiss on April

22  22, 2015.  Dkt. No. 5.  On June 5, 2015, plaintiffs filed their First Amended Complaint ("FAC").

23  Dkt. No. 16.  The parties then stipulated to the withdrawal of the motion to dismiss the original

24  complaint and stipulated to the filing of the FAC.  Dkt. No. 17.  On June 26, 2015, defendants

25  filed a new motion to dismiss the FAC based on failure to state a claim.  Dkt. No. 19.

26

27      [1] These plaintiffs are Lorraine Wells, Lisa Cordova (or Lisa Cordova-Bagley, as listed in

28  the caption of the complaint), Andrea Tung, Ron Harpole, and Eva McNeil.

1      This Court granted in part and denied in part the motion to dismiss the FAC.  Dkt. No. 30.

2   This Court dismissed: (1) discrimination and harassment claims under California's Fair

3   Employment and Housing Act ("FEHA"), for failure to allege exhaustion of administrative

4   remedies; (2) federal claims under 42 U.S.C. § 1983; (3) retaliation claims, for failure to plead

5   under which theory (common law, FEHA, or otherwise) the claim was brought; (4) negligent

6   supervision and training claims, based on immunity under the California Tort Claims Act; and (5)

7   intentional infliction of emotional distress claims, for failure to allege "extreme and outrageous

8   conduct."   With the exception of the claim for negligent supervision and training, this Court

9   granted leave to amend all dismissed claims.

10      Plaintiffs filed their SAC on September 18, 2015, bringing eleven causes of action.  Dkt.

11   No. 31.  The SAC alleged additional facts and removed claims under FEHA for plaintiffs Tung

12   and Harpole.  On October 2, 2015, defendants filed the present motion to dismiss the SAC's

13   Claims Two, Three, Five, Six, and Eleven for failure to state a claim.  Dkt. No. 32.  Defendants

14   seek dismissal of plaintiffs' harassment and retaliation claims under FEHA for failure to exhaust

15   and failure to allege sufficient facts.  Defendants also argue that plaintiffs have not properly pled

16   the elements of a claim of intentional infliction of emotional distress.

17

18                                      **LEGAL STANDARD**

19      Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

20   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

21   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

22   face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard

23   requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

24   has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require

25   "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

26   relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

27      In deciding whether a plaintiff has stated a claim upon which relief can be granted, the

28   court must assume that the plaintiff's allegations are true and must draw all reasonable inferences

United States District Court
Northern District of California

3

1    in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

2    However, the court is not required to "accept as true allegations that are merely conclusory,

3    unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

4    F.3d 1049, 1055 (9th Cir. 2008).

5        If the court dismisses the complaint, it must then decide whether to grant leave to amend.

6    The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

7    request to amend the pleading was made, unless it determines that the pleading could not possibly

8    be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

9    (citations and internal quotation marks omitted).

10

11                                           **DISCUSSION**

12   **I.      Claims Under FEHA**

13       **A.      Exhaustion of Administrative Remedies (Claims Two, Three, Five, Six)**

14       Defendants argue that plaintiffs have not exhausted their administrative remedies under

15   FEHA because they do not allege that plaintiffs' administrative complaints named the individual

16   defendants or specified that they were pursuing retaliation claims.[2]  Motion at 7-8, 11-12.  As to

17   the individual defendants, plaintiffs argue that the SAC meets the pleading requirement regarding

18   administrative exhaustion and that they could amend their complaint to specify whom the

19   plaintiffs named at the administrative stage, and that the Ninth Circuit does not require that the

20   defendants have been specifically named.  Opposition at 4-5.  With regard to their retaliation

21   claims, plaintiffs argue that the SAC alleges that the administrative complaint was based on the

22   same facts as the SAC, which includes facts alleging retaliation.  *Id*. at 12.

23       To pursue a claim for violations of FEHA in court, a plaintiff must first exhaust

24   administrative remedies. *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001).

25

26       _____

27       [2] Plaintiff Wells brings two claims for retaliation under FEHA: one based on race (Claim Three) and one based on age (Claim Six).  Defendants seek dismissal of Wells's Claim Six as redundant with Claim Three.   Motion at 11 n.2.  Because retaliation claims are based on engagement in protected activity, rather than membership in a protected group, the Court construes these as one claim for retaliation brought by Wells. *See* Cal. Gov't Code § 12940(h).

28

United States District Court
Northern District of California

1    FEHA imposes a duty upon plaintiffs to file a written charge of discrimination with the DFEH

2    within one year of the alleged violation and to obtain notice of the right to sue from the

3    Department. *Id.*; Cal. Gov't Code § 12960(d). Upon receiving a right to sue letter, a plaintiff has

4    one year to file his or her FEHA claim in a judicial forum. Cal. Gov't Code § 12965(b). The

5    plaintiff bears the "burden to plead and prove timely exhaustion of administrative remedies, such

6    as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue-letter" prior to filing a

7    claim under FEHA in court. *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345

8    (2014) (citing *Garcia v. Los Banos Unified School Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal.

9    2006)).

10       The purpose of the administrative charge requirement is to give "the charged party notice

11   of the claim and to narrow[] the issues for prompt adjudication and decision." *Baird v. Office*

12   *Depot*, No. 12-cv-6316, 2014 WL 2527114, at \*3 (N.D. Cal. June 4, 2014) (citing *B.K.B. v. Maui*

13   *Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)). A court may adjudicate a claim not brought in an

14   administrative charge if the claim "is like or reasonably related to the charge" filed with the DFEH and

15   "would 'reasonably have been uncovered in an investigation of the charges that were made.'" *Id.*

16   (citing *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1617 (1995); *B.K.B.*, 276 F.3d

17   at 1100).

18       In their SAC, plaintiffs allege:

19       Plaintiffs Wells, Cordova, Kemp, Craig, and McNeil[] relied on the facts alleged
20       above and identified these facts as a basis for their Complaints of Employment
         Discrimination to the California Department of Fair Employment and Housing
21       ("DFEH"). Each DFEH Complaint was filed within one year of the last harassing
         act, and within one year of the last discriminatory act. Wells, Cordova, Kemp,
22       Craig, and McNeil requested an immediate Right to Sue from the DFEH, and filed
         this lawsuit within one year of receiving a Right to Sue from the DFEH.

23       SAC ¶ 87.

24       Any further granularity is not required at the pleading stage. Courts have found sufficient

25   complaints alleging that a plaintiff exhausted his or her remedies by timely filing charges of

26   discrimination with and receiving right-to-sue letters from the DFEH, without the need to allege

27   that the plaintiff named the individual defendant. *See, e.g., Peterson v. State of California Dep't*

28   *of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1112 (E.D. Cal. 2006) (denying motion to dismiss

United States District Court
Northern District of California

1   although plaintiff did not allege that he named the individual defendants whom he was suing in the

2   administrative charge).

3         Nor need plaintiffs have exhausted their retaliation claims in their charges with the DFEH,

4   so long as the claims are "like or reasonably related" to the filed charges. *See Baird*, 2014 WL

5   2527114, at *3. Plaintiffs Wells, Kemp, and Craig have brought retaliation claims under FEHA.

6   They claim to have been terminated, denied pay increases, and/or forced to resign as a result of the

7   discrimination or because of their refusal to go along with defendants' discriminatory plan. SAC

8   ¶¶ 33, 44, 81, 83. They have thus raised claims of retaliation that are "like or reasonably related to

9   the charge" of discrimination filed with the DFEH and so need not have exhausted their retaliation

10  claims. *See Baird*, 2014 WL 2527114, at *3; *see also Zapponi v. CSK Auto, Inc.*, No. 02-cv-0536,

11  2002 WL 31750219, at *5 (N.D. Cal. Dec. 4, 2002) ("Given the relationship between the

12  retaliation claim and the other allegations, it is reasonable to assume that an investigation into the

13  harassment and discrimination claims would alert Defendant to Plaintiff's allegation that she was

14  denied a promotion in retaliation for speaking out about Defendant's unlawful conduct.") (citations

15  omitted).

16        The Court therefore DENIES defendants' motion to dismiss plaintiffs' Claims Two, Three,

17  Five, and Six for failure to adequately plead exhaustion of administrative remedies under FEHA.

18

19        **B.**     **Harassment Claims (Claims Two, Five)**

20        Defendants assert that plaintiffs failed to allege sufficient facts to establish harassment

21  claims under FEHA. Motion at 8-9. They seek to dismiss plaintiff Wells's claim for harassment

22  based on race and disability (Claim Two), as well as the harassment claims of plaintiffs Wells,

23  Cordova, McNeil, Kemp, and Craig based on age (Claim Five).

24        FEHA makes it unlawful for any employer or person to harass an employee because of,

25  *inter alia*, age, race, or disability. Cal. Gov't Code § 12940(j)(1). A *prima facie* case of

26  harassment under FEHA is stated when plaintiffs allege: (1) they are members of a protected

27  group; (2) they were subjected to harassment because they belonged to this group; and (3) "the

28  alleged harassment was so severe that it created a hostile work environment." *Lawler v.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car*

2    *Sys., Inc.*, 21 Cal. 4th 121 (1999)).

3

4                    **1.      Plaintiffs Kemp and Craig**

5            Defendants argue that the harassment claims of Kemp and Craig fail because they do not

6    assert membership in a protected group.  Motion at 8.  The SAC does not state that Kemp and

7    Craig are over forty years old.  Rather, plaintiffs argue that Kemp and Craig are members of a

8    protected group because FEHA "proscribes harassment against people that defend against

9    unlawful harassment."  Opposition at 11.  In support, plaintiffs cite California Government Code

10   section 12940(h) and *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1036 (2005).  However,

11   these provide authority for retaliation claims under FEHA, not for harassment claims, which are

12   codified at California Government Code section 12940(j).  Retaliation claims may be brought by a

13   person who opposed unlawful practices, such as defending against unlawful harassment.  *See* Cal.

14   Gov't Code § 12940(h).   In contrast, harassment claims are limited to those belonging to a

15   protected group. *See* Cal. Gov't Code § 12940(j)(1); *Lawler*, 704 F.3d at 1244.

16           Plaintiffs have not alleged any facts demonstrating that Kemp and Craig are members of a

17   protected group, nor have they provided any support for their proposition that defending against

18   harassment places them in a protected group for a *harassment* claim.  Thus, the Court GRANTS

19   the motion to dismiss Kemp and Craig's harassment claims, without leave to amend.

20

21                    **2.      Plaintiffs Wells, Cordova, and McNeil**

22           Defendants do not dispute that Wells, Cordova, and McNeil have alleged membership in a

23   protected group.  They argue that the plaintiffs failed to allege facts going to the third element of a

24   FEHA harassment claim, that of severe or pervasive conduct sufficient to alter the conditions of

25   employment and create a hostile environment.  Motion at 9.  They also argue that personnel

26   management actions alone may not serve as the basis for a harassment claim, relying on *Roby v.*

27   *McKesson Corporation*, 47 Cal. 4th 686 (2009).  *Id*. at 8.

28           In *Roby*, the California Supreme Court explained the distinction between discrimination

                                                      7

1    and harassment claims under FEHA: "discrimination refers to bias in the exercise of official

2    actions on behalf of the employer, and harassment refers to bias that is expressed or communicated

3    through interpersonal relations in the workplace." 47 Cal. 4th at 707. The *Roby* court held that

4    "some official employment actions done in furtherance of a supervisor's managerial role can also

5    have a secondary effect of communicating a hostile message," and, therefore, evidentiary support

6    for a harassment claim may include personnel management actions. *Id.* at 709.

7           To meet the third element of a harassment claim—that the harassment was so severe as to

8    create a hostile work environment—a plaintiff must show a "concerted pattern of harassment of a

9    repeated, routine, or generalized nature." *Aguilar*, 21 Cal. 4th at 131 (citation omitted). A court

10   determines whether a work environment is hostile "by looking at the circumstances [including] the

11   frequency of the discriminatory conduct; its severity; whether it is physically threatening or

12   humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

13   employee's work performance." *Landucci v. State Farm Ins. Co.*, No. 14-cv-0789, 2014 WL

14   3705117, at *4 (N.D. Cal. July 23, 2014) (citing *Lyle v. Warner Bros. Television Prods.*, 38 Cal.

15   4th 264, 283 (2006)).

16          The Court analyzes individually the harassment allegations brought by Wells, Cordova,

17   and McNeil.

18

19                        **a.      Plaintiff Wells**

20          Wells alleges harassment based on race, disability, and age (Claims Two and Five). She

21   alleges that she is a member of each of these three protected groups: she is African American,

22   suffered from a disability, and is over forty years old. SAC ¶¶ 36, 37, 42.

23          She also alleges that the harassment was based on her membership in a protected group.

24   Defendants do not dispute that Wells alleged facts sufficient to demonstrate that the alleged

25   harassment was because of her age, but they challenge whether any alleged harassment was based

26   on her race or disability. Motion at 10. For her race-based harassment claim, Wells alleges that

27   the "efforts to harass Wells were more concentrated, extreme, and personal" than the efforts to

28   harass the non-African American employees over forty years old. SAC ¶ 41. For her disability-

United States District Court
Northern District of California

8

1    based harassment claim, Wells alleges that she informed her supervisor of her disability and then

2    was required to work longer hours without an accommodation. *Id.* ¶ 42.  It is reasonable for the

3    Court to infer that Wells has alleged that she suffered harassment because of her race and/or

4    disability. *See Usher*, 828 F.2d at 561 (requiring courts to draw all reasonable inferences in the

5    plaintiff's favor on a motion to dismiss).

6         Wells further alleges facts demonstrating harassment that is severe enough to create a

7    hostile work environment.  She alleges that defendants "overloaded her with work, scrutinized her

8    on a regular basis, criticized her performance, refused to provide her with support or training, and

9    then gave her a poor performance review resulting in her being placed on a performance

10   improvement plan" indefinitely.  SAC ¶ 38.  She also complained of the "antagonistic, aggressive

11   and hostile conditions," an "intimidating, oppressive atmosphere," and that management "spoke to

12   her in a condescending tone, made her feel disliked and worthless, nitpicked her work and offered

13   unfair and inconsistent criticism." *Id.* ¶¶ 39-41.  This Court therefore need not decide whether

14   personnel management actions alone may support a harassment claim.  Wells has alleged facts that

15   include both conduct "outside the scope of necessary job performance" as well as personnel

16   management actions that plausibly had a "secondary effect of communicating a hostile message."

17   *See Roby*, 47 Cal. 4th at 707, 709.  Under *Roby*, there is no dispute that such a combination of

18   alleged actions is sufficient to support a harassment claim.

19        The Court DENIES defendants' motion to dismiss Wells's harassment claims (Claims Two

20   and Five).

21

22                          **b.    Plaintiff Cordova**

23        Cordova brings a claim for harassment based on age (Claim Five).  She alleges that she is

24   over forty years old.  SAC ¶ 69.  Defendants do not dispute that Cordova sufficiently pleads that

25   the alleged harassment occurred because of her age.

26        As to the third element of her claim, Cordova alleges sufficient facts to show harassment

27   that is severe enough to create a hostile work environment.  She alleges that she was subjected to

28   criticism and scrutiny of her performance "in a manner that did not fairly reflect the task and

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1    circumstances at issue" and to negative performance reviews, despite a history of good work

2    performance. *Id.* ¶¶ 70-72, 75.  She alleges that defendant Hutchinson "would harp on small areas

3    for improvement and completely minimize all the positive feedback and achievements that had

4    been highlighted by vendors and colleagues."  *Id.* ¶ 75.  Cordova also alleges that "Hutchinson

5    would not respond to her inquiries, Hutchinson would not provide collegial feedback as a

6    supervisor, Hutchinson often made comments that it was not her job to 'train' or give information,

7    and she would essentially remove herself from the environment as a resource to Ms. Cordova[.]"

8    *Id.* ¶ 74.   Like Wells, Cordova has alleged facts demonstrating a combination of personnel

9    management actions that could create a harassing atmosphere as well as conduct outside the scope

10   of necessary job performance.  *See Roby*, 47 Cal. 4th at 707, 709.  At the pleading stage, this is

11   sufficient.

12          Because Cordova has sufficiently alleged a plausible *prima facie* case of harassment under

13   FEHA based on age, the Court DENIES defendants' motion to dismiss Cordova's harassment

14   claim (Claim Five).

15

16                          **c.      Plaintiff McNeil**

17          McNeil brings a claim for age-based harassment (Claim Five).  McNeil alleges that she is

18   over forty years old and was harassed because of her age.  SAC ¶ 84.  However, McNeil fails to

19   allege actions that were sufficiently severe to create a hostile work environment.  She alleges that

20   her schedule was changed, forcing her to sit through a longer commute, despite the fact that

21   younger and newer employees were given more flexible schedules.  *Id.* ¶¶ 85-86.  Having seen

22   targeting of other employees over forty years old, McNeil alleges that she was afraid to report this

23   conduct and was "concerned on a daily basis that she was being targeted[.]"  *Id.* ¶ 86.  McNeil's

24   allegations do not demonstrate a "concerted pattern of harassment of a repeated, routine, or

25   generalized nature" against her.  *See Aguilar*, 21 Cal. 4th at 131 (citation omitted).  Thus, McNeil

26   does not plead a plausible *prima facie* case of harassment.

27          The Court therefore GRANTS defendants' motion to dismiss McNeil's harassment claim

28   (Claim Five) with leave to amend.

1

2      **II.      Claim for Intentional Infliction of Emotional Distress (Claim Eleven)**

3              All seven plaintiffs bring a claim for intentional infliction of emotional distress ("IIED")

4      against all defendants (Claim Eleven).   Defendants argue that plaintiffs fail to allege facts

5      supporting the first and second elements of IIED.  Motion at 12.

6              To prevail on an IIED claim, a plaintiff must prove: "(1) extreme and outrageous conduct

7      by the defendant with the intention of causing, or reckless disregard of the probability of causing

8      emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

9      and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina*

10     *v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (applying California law).

11

12             **A.      Extreme and Outrageous Conduct**

13             The Ninth Circuit defines "outrageous conduct" as conduct "so extreme as to exceed all

14     bounds of that usually tolerated in a civilized society." *Tekle v. United States*, 511 F.3d 839, 855

15     (9th Cir. 2007) (citation and internal quotation marks omitted).  "[M]ere insulting language" will

16     not typically suffice for outrageous conduct.  *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir.

17     1991) (citation and quotation marks omitted).  "Whether a defendant's conduct can reasonably be

18     found to be outrageous is a question of law that must initially be determined by the court . . . ."

19     *Berkeley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

20             The Court previously dismissed the IIED claim as to all plaintiffs for failure to allege

21     extreme and outrageous conduct.  Dkt. No. 30 at 13.  Plaintiffs now allege that defendants

22     "successfully created a hostage-like environment for plaintiffs."  SAC ¶ 91.  However, plaintiffs

23     still fail to allege additional facts demonstrating extreme and outrageous conduct directed at each

24     plaintiff, with the exception of Wells and Cordova.

25

26             **1.      Plaintiff Harpole**

27             Ron Harpole alleges that Hutchinson told him to "button the top button of his shirt every

28     day and shut up!"  SAC ¶ 59.  This Court previously found such conduct to be insufficient to

United States District Court
Northern District of California

1    support an IIED claim.  Dkt. No. 30 at 13.  He also alleges that he was assigned to additional

2    projects causing him to work long hours, told he needed to improve his understanding of purchase

3    order software, and was twice told by a supervisor in front of his colleagues that he "didn't know

4    what he was talking about" and "didn't add value to the team."  SAC ¶¶ 60, 62.  Although these

5    comments are unpleasant, they do not rise to the level of extreme and outrageous conduct.

6    California courts have found that, "[i]n the workplace setting, . . . even more serious conduct,

7    including terminating an employee in violation of an antidiscriminatory statute, or harshly

8    criticizing or insulting an employee, is not enough to constitute extreme and outrageous conduct."

9    *Gooch v. Amer. Eagle Airlines, Inc.*, No. 13-cv-0226, 2014 WL 5023216, at *6 (C.D. Cal. Oct. 6,

10   2014) (internal quotation marks and citations omitted).

11          Harpole received leave to amend his IIED claim after this Court granted the last motion to

12   dismiss; in the SAC, he has not added additional allegations of extreme and outrageous conduct.

13   Thus, the Court GRANTS the motion to dismiss Harpole's IIED claim without leave to amend.

14

15                          **2.      Plaintiff Tung**

16          Andrea Tung alleges that defendant Annis gave her additional and more complex work

17   assignments without additional support or training to cause her to fail during her probationary

18   period.  *Id.* ¶¶ 64-65.  She also alleges that she never received any feedback on her job

19   performance until the last month of her probationary period, when Annis "began to cryptically ask

20   and suggest that Ms. Tung was unhappy and that Ms. Tung may not want to continue at the Lab."

21   *Id.* ¶¶ 66-67.  Tung alleges that she did not receive a copy of her review and was not hired on

22   permanently after her probationary period ended.  *Id.* ¶ 67.  This is insufficient to allege extreme

23   and outrageous conduct.  As Tung has already had the opportunity to amend her complaint to

24   allege extreme and outrageous conduct, the Court now GRANTS the motion to dismiss Tung's

25   IIED claim without leave to amend.

26

27                          **3.      Plaintiff Kemp**

28          Richard Kemp alleges that he was warned about defending the targeted employees, that he

United States District Court
Northern District of California

12

1    experienced "evil looks, cold shoulder, and an overall icy environment," and that he was

2    effectively removed from the management team through a reduction in job duties and decision-

3    making power. *Id.* ¶¶ 27, 29, 30. In the SAC, Kemp has not alleged sufficiently extreme and

4    outrageous to support his IIED claim. Thus, the Court GRANTS the motion to dismiss Kemp's

5    IIED claim without leave to amend.

6

7                        **4.      Plaintiff Craig**

8          Brandon Craig alleges that, after he was promoted, "Cornett refused to properly classify

9    [his] position as an F28.2 Lead Manager, for which he would earn more money." *Id.* ¶ 81. He

10   also alleges that Cornett "encourag[ed] him to share his concerns and promis[ed] to keep them

11   confidential" but that she then conveyed his concerns to other managers. *Id.* ¶ 82. Neither of

12   these allegations is sufficient to constitute extreme and outrageous conduct. The Court GRANTS

13   the motion to dismiss Craig's IIED claim without leave to amend.

14

15                       **5.      Plaintiff McNeil**

16         Eva McNeil alleges that her work schedule was changed, thereby forcing her "to sit in long

17   traffic delays because of the distance between her home and work." *Id.* ¶ 85. She was denied the

18   same flexibility in her schedule and ability to take days off that younger employees enjoyed. *Id.*

19   ¶86. Although these allegations may sustain a claim of discrimination, they do not rise to the level

20   of extreme and outrageous conduct. Because she has been afforded the opportunity to amend her

21   IIED claim and still has not alleged sufficient facts, the Court GRANTS the motion to dismiss

22   McNeil's IIED claim without leave to amend.

23

24                       **6.      Plaintiffs Wells and Cordova**

25         Because Wells and Cordova have sufficiently alleged harassment claims under FEHA —

26   *see* Section (I)(B)(2)(a), (b), *supra* — the analysis differs as to them. Courts have held that,

27   because employees have a "fundamental, civil right to a discrimination free work environment,"

28   "properly pled allegations of harassment . . . inherently satisfy the outrageous conduct element

                                                  13

United States District Court
Northern District of California

1    required for claims of [IIED]." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 618

2    (1989); *Mayfield v. Trevors Store, Inc.*, No. 01-cv-1483, 2004 WL 2806175, at *8 (N.D. Cal. Dec.

3    6, 2004).  Thus, Wells and Cordova have sufficiently alleged the extreme and outrageous element

4    for an IIED claim.

5

6              **B.       Severe Emotional Distress**

7              Having sufficiently pled the first element of an IIED claim, Wells and Cordova must also

8    plead the second element: severe emotional distress.

9              Under California law, "[s]evere emotional distress means emotional distress of such

10   substantial quantity or enduring quality that no reasonable [person] in a civilized society should be

11   expected to endure it."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal citations and

12   quotations omitted).  Demonstrating severe emotional distress is a "high bar."  *Id.* (affirming

13   summary judgment for defendant on IIED claim in part because "plaintiff's assertions that she has

14   suffered discomfort, worry, anxiety, upset stomach, concern, and agitation" are not "severe").  The

15   Ninth Circuit has found that emotional injuries consisting of "[a]nxiety, sleeplessness, upset

16   stomach, [and] sometimes muscle twitches," without more, are not "severe."  *Lawler*, 704 F.3d at

17   1246.  However, courts have found severe emotional distress where plaintiff demonstrated panic

18   attacks, depression, inability to sleep, and a diagnosis of post-traumatic stress disorder.  *See, e.g.,*

19   *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994).

20             Here, plaintiffs collectively allege that they "suffered and continue to suffer humiliation,

21   lack of self-confidence, embarrassment, emotional distress and mental anguish."  SAC ¶ 143.

22   They also collectively allege that they "experience anxiety, sleeplessness, anger, loss of sleep,

23   hyper-vigilance consistent with post-traumatic stress disorder, depression, sadness, and excessive

24   ruminations about their daily experiences at the hands of Defendants."  *Id.* ¶ 91.  Cordova

25   individually alleges that she "began to experience severe emotional distress due to the undue age-

26   based harassment."  *Id.* at ¶ 77.  Wells brings no allegations of severe emotional distress that she

27   suffered in particular.

28             The Court finds that the allegations of the SAC are conclusory as to Wells and Cordova.

14

United States District Court
Northern District of California

1    *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.  Should these plaintiffs wish to amend their

2    IIED claims, they are reminded that bringing claims of severe emotional distress may subject them

3    to independent medical examinations (IME's).  *See* Fed. R. Civ. P. 35.

4         The Court GRANTS the motion to dismiss the IIED claims of Wells and Cordova for

5    failure to allege severe emotional distress, with leave to amend.

6

7                                **CONCLUSION**

8         For the foregoing reasons, the Court GRANTS in part and DENIES in part defendants'

9    motion to dismiss.  The Court DENIES the motion to dismiss the FEHA claims for failure to

10   exhaust administrative remedies (Claims Two, Three, Five, Six).  The Court DENIES the motion

11   to dismiss Wells's race and disability harassment claim under FEHA (Claim Two).  The Court

12   GRANTS the motion to dismiss the age harassment claim under FEHA (Claim Five) as to Craig,

13   Kemp, and McNeil and DENIES the motion to dismiss the age harassment claim as to Wells and

14   Cordova.  This claim is dismissed as to Craig and Kemp without leave to amend; McNeil may

15   amend Claim Five.  Finally, the Court GRANTS the motion to dismiss the IIED claim (Claim

16   Eleven) as to all plaintiffs.  This claim is dismissed without leave to amend as to Harpole, Tung,

17   Kemp, Craig, and McNeil.  Wells and Cordova may amend Claim Eleven in order to allege severe

18   emotional distress.

19        If plaintiffs wish to amend, they must file their third amended complaint **by November 20,**

20   **2015.**

21

22        **IT IS SO ORDERED**.

23

24   Dated: November 5, 2015

25                                          _____

26                                          SUSAN ILLSTON
                                            United States District Judge

27

28

15